# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VLADIMIR GONZALEZ AMBRIOSO,  )
                             )
            Petitioner,      )   Case No.: 2:16-cv-02091-GMN-CHW
   vs.                       )
                             )   **ORDER**
CARMEN GARCIA LEDESMA,       )
                             )
            Respondent.      )
_____)

Pending before the Court is Petitioner Vladimir Gonzalez Ambrioso's Emergency Petition for Warrant in Lieu of a Writ of Habeas Corpus (ECF No. 4). Based on the Complaint and subsequent filings, the Court construes this petition to include a request for Preliminary Injunction.[1] This case arises out of a dispute between the parents of child V.F.G.G. regarding whether the child was wrongfully taken to the United States from Mexico. Petitioner, the child's father, alleges that Respondent Carmen Garcia Ledesma, the child's mother, violated Petitioner's custodial rights by taking the child to the United States on or about April 4, 2016. (*See* Compl. ¶ 17, ECF No. 1). Respondent and the child are now allegedly living in Las Vegas, Nevada. (*See* Mot. 2:1–3, ECF No. 4). This Court has jurisdiction over this case under 22 U.S.C. § 9003 (formerly cited as 42 U.S.C. § 11603).

Preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

---

[1] If the Preliminary Injunction is granted after a hearing before the Court, the Preliminary Injunction would remain in effect until the case is decided on the merits or the Preliminary Injunction is otherwise dissolved by the Court.

the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, based on Petitioner's Motion (ECF No. 4) and the supporting documentation in Petitioner's Complaint (ECF No. 1), for good cause shown, the Court rules as follows:

The Court finds that:

1. Petitioner is likely to prevail on the merits of its wrongful retention claim under the Hague Convention against Respondent based on Petitioner's Complaint and subsequent Motion, alleging that Mexico is the child's habitual residence and that Petitioner was exercising his custodial rights at the time of the alleged wrongful retention.

2. The alleged irreparable harm is the risk that Respondent will flee the jurisdiction upon service of Petitioner's lawsuit before this Court.

3. Both the balance of equities and the public interest favor the status quo of keeping the child in the jurisdiction temporarily to determine if a Preliminary Injunction is appropriate until the Court can determine the case on its merits.[2]

4. At this time, prior to the Preliminary Injunction Hearing, it is not necessary to take the child from Respondent's custody, as requested by Petitioner's Ex Parte Petition for Warrant (ECF No. 4).  There is no immediate harm to the child beyond removal from the jurisdiction of this Court, which is temporarily prohibited by this Order.

 Accordingly,

**IT IS HEREBY ORDERED** that Respondent shall not remove the child from the State of Nevada pending the Preliminary Injunction Hearing.

/ / /

---

[2] Magistrate Judge Cam Ferenbach will be issuing a separate order setting an evidentiary hearing regarding the merits of the case.

**IT IS FURTHER ORDERED** that no person acting in concert or participating with Respondent shall take any action to remove the child from the State of Nevada pending the Preliminary Injunction Hearing.

**IT IS FURTHER ORDERED** that the Preliminary Injunction Hearing shall take place before the Honorable Gloria M. Navarro at 1:30 p.m. on Friday, September 16, 2016, in Las Vegas Courtroom 7D.

**IT IS FURTHER ORDERED** that the Petitioner serve a copy of this Order upon Respondent Carmen Garcia Ledesma. Petitioner must file proof of service with the Court by Tuesday, September 13, 2016.

**IT IS FURTHER ORDERED** that Petitioner's Ex Parte Petition for Warrant in Lieu of a Writ of Habeas Corpus (ECF No. 4) is **DENIED.**

**DATED** this 7th day of September, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge