**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

VLADIMIR GONZALEZ AMBRIOSO,

          Plaintiff/Petitioner,

vs.

CARMEN GARCIA LEDESMA,

          Defendant/Respondent.

Case No. 2:16–cv–2091–GMN–VCF

**ORDER**

Before the court are Ambrioso's brief regarding witness testimony (ECF No. 27), Ledesma's response (ECF No. 28), and Ambrioso's reply (ECF No. 31). For the reasons stated below, Petitioner Vladimir Gonzalez Ambrioso and one of the child's pediatricians may testify remotely. Ambrioso is also ordered to implement adequate testimonial safeguard.

**I. Legal Standard**

"For good cause in compelling circumstances and with appropriate safeguards the court may permit testimony in open court by contemporaneous transmission from a different location." FED. R. CIV. P. 43(a). "The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." FED. R. CIV. P. 43(a) advisory committee's note (1996 amendment). "The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Id.* "Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend trial." *Id.*

/// /// ///

/// /// ///

/// /// ///

## II. Discussion

1. <u>Compelling Circumstances Exist to Permit Ambrioso and One of the Child's Pediatricians to Testify Remotely</u>

"The most persuasive showing of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." FED. R. CIV. P. 43(a) advisory committee's notes (1996 amendment). "Other possible justifications for remote transmission must be approached cautiously." *Id.*

      a.    *Vladimir Gonzalez Ambrioso*

Although not mentioned in his brief, Petitioner's counsel has mentioned that Ambrioso is unable to travel to the United States due to an unspecified immigration issue. Given this impediment, Ambrioso is permitted to testify remotely.

      b.    *Drs. Vladimir Francisco Ojeda Sabina and Roberto Jeronimo Alvarez*

Drs. Sabina and Alvarez were the minor child's pediatricians. They will testify about the child's health and Ambrioso's treatment of the child. (ECF No. 27) Both doctors have "busy medical practice[s]" and have "already taken significant time off this year." (*Id.*) Undoubtedly, both doctors provide essential medical services to their communities. The disruption of their medical practices would impact their patients and their ability to provide medical care. This type of disruption rises above beyond mere personal inconvenience to the witness. Given these considerations and the fact that both doctors will be testifying regarding the same subject matter, this court will permit one of the minor child's pediatricians to testify remotely. The other doctor must testify in person. Ambrioso may choose which doctor will testify remotely.

/// /// ///

c. *Witnesses Elpidio Gonzalez Ambrioso, Carmen Lopez Torres, Pablo Oscar Gamboa Marino, Emmanuel Perez, Delia Maria Iglesias Osoria, Dr. Liber Calderon Herrera, Saul Alejandro Cetzal Perera, Reynaldo Vargas Bocanegra, Maribel Maceo, and Elaine Diaz Calderon*

With regard to the remaining witness, Ambrioso has not shown good cause or compelling circumstances. These witnesses are variously the parties' relatives, neighbors, employees, and acquaintances. (ECF No. 27) They each would offer between 15-20 minutes of testimony, and are not in a position to travel 3-4 days to Las Vegas to testify. Ambrioso's reasons amount to mere personal inconvenience to the witnesses. FED. R. CIV. P. 43(a) advisory committee's notes (1996 amendment). Unlike the minor child's doctors, a disruption to these witnesses' lives will primarily affect themselves rather than the larger community.

2.  Ambrioso Has Proposed Adequate Safeguards

"Safeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness." FED. R. CIV. P. 43(a) advisory committee's notes (1996 amendment). Ambrioso has proposed adequate safeguards for his witnesses. He represents that the witnesses will testify at the "Secretary of Foreign Affairs Office located in Cancun, Mexico." (ECF No. 31 at 11) The witnesses will be under oath and subject to criminal prosecution for perjury. (*Id.* at 12)(citing applicable state of Quintana Roo criminal law). Each witness will testify individually with all other witnesses being excluded from the video-conferencing room. (*Id.*) Finally, the entire proceeding will be overseen by an attorney who is licensed to practice in the state of Quintana Roo. (*Id.* at 11) These safeguards convince this court that any remote witness testimony will be free from intimidation, coercion, or any other improper influences.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Petitioner Vladimir Gonzalez Ambrioso and either Dr. Vladimir Francisco Ojeda Sabina or Dr. Roberto Jeronimo Alvarez may testify remotely.  All other witnesses must testify in person.

IT IS FURTHER ORDERED that Ambrioso implement the testimonial safeguards described on pages 11-12 of his reply.

IT IS SO ORDERED.

DATED this 24th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE