Vincent Mayo, Esq.
Nevada State Bar Number: 8564
THE ABRAMS & MAYO LAW FIRM
6252 South Rainbow Blvd., Suite 100
Las Vegas, Nevada 89118
Tel: (702) 222-4021
Fax: (702) 248-9750
Email: VMGroup@theabramslawfirm.com
Attorney for Plaintiff/Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE THE APPLICATION OF: | ) |
| | ) |
| VLADIMIR GONZALEZ AMBRIOSO, | ) Case No.:   2:16-cv-02091-GMN-VCF |
| | ) |
| Plaintiff/Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| CARMEN GARCIA LEDESMA, | ) |
| | ) |
| Defendant/Respondent. | ) |

**PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER
REGARDING WITNESS TESTIMONTY VIA VISUAL CONFERENCING /
TRANSMISSION AS TO DELIA MARIA IGLESIAS OSORIA**

*The Convention on the Civil Aspects of International Child Abduction*,
done at the Hague on 25 Oct 1980
*International Child Abduction Remedies Act*, 42 U.S.C. 11604
NRS 125A.120

Petitioner, VLADIMIR GONZALEZ AMBRIOSO, by and through his attorney of record, Vincent Mayo, Esq., of The Abrams & Mayo Law Firm, respectfully asks that this Court reconsider its order entered on October 24, 2016 (ECF No. 32), as to the denial of Petitioner's request to allow Delia Maria Iglesias Osoria to testify via visual conferencing/transmission (ECF Nos. 27, 31). This motion is based on new information not known at the time of Petitioner's original request.

I. **STATEMENT OF FACTS**

Petitioner previously requested permission for the majority of his witnesses to testify via visual or other electronic means. This was requested because some witnesses had travel limitations and their testimony was anticipated to be short in comparison to the time and money required for such travel. After a quick round of briefing, this Court granted the request, in part, and allowed Petitioner and one of the child's doctors to testify via visual electronic means; all other witnesses would need to testify in person at trial. This Court found that Petitioner's reasons for alternate appearance by these other witnesses amounted to "mere personal inconvenience" and did not justify accommodation. However, it found Petitioner's physical inability to enter the United States a major consideration.

Delia Maria Iglesias Osoria was one of the witnesses included in this Court's order that they personally appear in Court. Ms. Iglesias Osoria is Petitioner's ex-wife and will be testifying as to her knowledge of Petitioner's relationship with V.F.G.G., Petitioner's business interests, the circumstances surrounding the incident in Belize, and the other allegations being made by Respondent. At the time of briefing, the undersigned was aware of the fact Ms. Iglesias Osoria would have to spend thousands of dollars, travel thousands of miles and lose three to four days of work to only testify for 30 minutes. However, after the Court denied the request to allow Ms. Iglesias Osoria to testify via visual conferencing, and while coordinating travel plans for other witnesses, it was made clear to the undersigned that Ms. Iglesias Osoria cannot physically travel into the United States.

The reason for this is that Ms. Iglesias Osoria had recently been deported from the United States and is not legally permitted to return. Specifically and on July 11, 2016, the immigration court in Laredo, Texas, issued an order of deportation for Ms.

Iglesias Osoria.[1] This was related to her and Petitioner's attempt to enter the United States after Respondent kidnapped Petitioner's son and came into the United States illegally. Hence, Ms. Iglesias Osoria's deportation was due to her entry into the United States and Cuban citizenship, not based on any crimes or acts of moral turpitude. Nevertheless, Ms. Iglesias Osoria is not permitted to return to the United States. This immigration issue is similar to the reason why Petitioner cannot personally appear at trial. Based on this compelling evidence, Petitioner now asks this Court to reconsider its prior decision only as to Ms. Iglesias Osoria and allow Ms. Iglesias Osoria to testify via visual conferencing/transmission.

## II.   LAW AND ARGUMENT

Although they are not explicitly mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) (Motion to Alter or Amend a Judgment) and 60(b) (Grounds for Relief from a Final Judgment). These two rules generally apply to a final judgment. Likewise, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (internal citation omitted); *see also* Fed. R. Civ. Pro. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment"). As such, district court rulings are subject to revision at any time before the entry of judgment so long as the court retains jurisdiction over a case. LR 59-1(a); *see also United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004)(emphasis omitted).

---

[1]   *See Order of the Immigration Judge*, entered on July 11, 2016, *In the Matter of: Delia Maria Iglesias Osoria*, case number A208-999-680, attached hereto as Exhibit 1.

Movants are generally discouraged from filing motions for reconsideration; however, such motions are appropriate based on facts different than the original request. A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).

Here, after receiving this Court's decision and while beginning to coordinate travel arrangements, the undersigned learned that Ms. Iglesias Osoria had also been deported from the United States and is legally prohibited from returning. Proof of same is attached hereto. Naturally, she cannot physically appear to testify at trial without being physically present in the United States. This new information changes Petitioner's reasoning in requesting such alternate testimony from mere inconvenience to actual inability to appear.

### III. CONCLUSION

Accordingly and based on the forgoing, Petitioner respectfully requests this Court reconsider its order denying Petitioner's request to allow Delia Maria Iglesias Osoria to testify via visual conferencing/transmission based on her inability to legally enter the United States.

Respectfully submitted,

Dated: Friday, November 04, 2016.

| | |
|---|---|
| THE ABRAMS & MAYO LAW FIRM<br>6252 South Rainbow Blvd., Suite 100<br>Las Vegas, Nevada 89118<br>Tel: (702) 222-4021<br>Fax: (702) 248-9750<br>Email: VMGroup@theabramslawfirm.com<br>Attorney for Plaintiff/Petitioner | */s/ Vincent Mayo, Esq.*<br>Vincent Mayo, Esq.<br>Nevada State Bar Number: 8564 |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Petitioner's Motion for Reconsideration of Order Regarding Witnesses Testifying Via Visual Conferencing / Transmission as to Delia Maria Iglesias Osoria* was filed electronically with the United States District Court – District of Nevada in the above-entitled matter on Friday, November 04, 2016. Electronic service of the foregoing document shall be made in accordance with the Master Service List, pursuant to FRCP 77(d), FRCP 5(b)(E), and LR IC 4-1, as follows:

> Emily McFarling, Esq.
> Attorney for Defendant/Respondent

> */s/ David J. Schoen, IV, ACP*_____
> An Employee of The Abrams & Mayo Law Firm

# EXHIBIT 1

# EXHIBIT 1

# EXHIBIT 1

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
800 DOLOROSA STREET, SUITE 300
SAN ANTONIO, TX   78207

In the Matter of:                       Case No.: A208-999-680
IGLESIAS OSORIA, DELIA MARIA
                                Docket: LAREDO, TEXAS - DETENTION FACILITY

RESPONDENT                      IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that the respondent is subject to removal on the charge(s) in the Notice to Appear.

Respondent has made no application for relief from removal.

It is HEREBY ORDERED that the respondent be removed from the United States to __Mexico__ on the charge(s) contained in the Notice to Appear.

It is FURTHER ORDERED that if the aforenamed country advises the Attorney General that it is unwilling to accept the respondent into its territory or fails to advise the Attorney General within 30 days following original inquiry whether it will or will not accept respondent into its territory, respondent shall be removed to __Cuba__.

If you fail to appear for removal at the time and place ordered by the DHS, other than because of exceptional circumstances beyond your control (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances), you will not be eligible for the following forms of relief for a period of ten (10) years after the date you were required to appear for removal:
(1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
(2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
(3) Adjustment of status or change of status as provided for in section 245, 248 or 249 of the Immigration and Nationality Act.

VERNON B. MILES
Immigration Judge

Appeal: RESERVED/WAIVED (A/I/B)     Date: Jul 11, 2016

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [ ] ALIEN   [ ] ALIEN c/o Custodial Officer   [ ] Alien's ATT/REP   [ ] DHS
DATE: __7/11/16__   BY: COURT STAFF _____
Attachments: [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other   7X