**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| VLADIMIR GONZALEZ AMBRIOSO,  Plaintiff/Petitioner,  vs.  CARMEN GARCIA LEDESMA,  Defendant/Respondent. | 2:16-cv-02091-GMN-VCF  **ORDER**  [Petitioner's Motion for Reconsideration of Order Regarding Witness Testimony via Visual Conferencing/Transmission as to Delia Maria Iglesias Osoria (ECF No. 33)] |

The Court has reviewed Petitioner's Motion for Reconsideration of Order Regarding Witness Testimony Via Visual Conferencing/Transmission as to Delia Maria Iglesias Osoria (ECF No. 33) and Respondent's Opposition to Petitioner's Motion for Reconsideration of Order regarding Witness Testimony Via Visual Conferencing/Transmission as to Delia Maria Iglesia Osoria (ECF No. 35). Respondent Ledesma opposes and states that Ambrioso's Exhibit 1 to his Motion for Reconsideration is incomplete. *Id* at 5. The Removal Order of the Immigration Judge, dated July 11, 2016, is missing the Notice to Appear which details the removal charges for Ms. Osoria. *Id.*

### I.   Legal Standard

Ambrioso seeks reconsideration of the October 24, 2016 Court Order. (ECF No. 32). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.2001) (internal quotation marks, citation, and emphasis omitted). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id.* at 887. In the District of Nevada, "[a] motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Henry*, 2010 WL

3636278, at *1 (citing *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D.Nev.2003)). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (citing *U.S. Aviation Underwriters v. Wesair, LLC*, No. 8–00891, 2010 WL 1462707 (D. Nev. April 12, 2010)) (internal citation and quotation marks omitted).

Here, Ambrioso has provided new information showing that Ms. Osoria is unable to travel to the United States due to an immigration issue. (ECF No. 33 at 2 and 7). She was deported from the United States and now unable to legally to return to the United States. *Id.* at 2.

"For good cause in compelling circumstances and with appropriate safeguards the court may permit testimony in open court by contemporaneous transmission from a different location." FED. R. CIV. P. 43(a). "The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." FED. R. CIV. P. 43(a) advisory committee's note (1996 amendment). "The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Id.* "Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend trial." *Id.*

## II. Discussion

Compelling circumstances exist to permit Delia Maria Iglesia to testify remotely. "The most persuasive showing of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." FED. R. CIV. P. 43(a) advisory committee's notes (1996 amendment). "Other possible justifications for remote transmission must be approached cautiously." *Id.* Here, Ms. Osoria is prohibited from entering the United States legally. (ECF No. 33). Given this impediment, Ms. Osoria is permitted to testify remotely.

"Safeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness." FED. R. CIV. P. 43(a) advisory committee's notes (1996 amendment). Ms. Iglesia's testifying location will be the same as the other witnesses that are

testifying remotely in this case.  The testifying location will be at the "Secretary of Foreign Affairs Office located in Cancun, Mexico."  Ambrioso is reminded that Ms. Osoria must be under oath and subject to criminal prosecution for perjury and that each witness, including Ms. Osoria, will testify individually with all other witnesses being excluded from the video-conferencing room.  The entire proceeding will be overseen by an attorney who is licensed to practice in the state of Quintana Roo. (ECF No. 32).

These safeguards convince this court that any remote witness testimony will be free from intimidation, coercion, or any other improper influences.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration of Order Regarding Witness Testimony Via Visual Conferencing/Transmission as to Delia Maria Iglesias Osoria (ECF No. 33) is GRANTED with conditions as stated above.

IT IS FURTHER ORDERED that Delia Maria Iglesia Osoria may testify remotely.

IT IS FURTHER ORDERED that Ambrioso implement the testimonial safeguards for those witnesses permitted by the Court to testify remotely, including Ms. Osoria, as described on pages 11-12 of his reply in ECF No. 31.

IT IS FURTHER ORDERED that Ambrioso must file a complete Removal Order of the Immigration Judge, dated July 11, 2016, <u>with the Notice to Appear which details the removal charges for Ms. Osoria</u>, on or before November 22, 2016.  The filing of the Notice to Appear must comply with Local Rule IC 6-1.

IT IS SO ORDERED.

DATED this 15th day of November, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE